## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION


SAMUEL J. MATTHEWS,

       Petitioner,

                       Case No. 18-11465

       v.                  Hon. Terrence G. Berg

JEREMY BUSH,

       Respondent.

_____/


## ORDER SUMMARILY DISMISSING THE HABEAS PETITION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

This matter came before the Court on Samuel J. Matthews'
("Matthews" or "Petitioner") recent letter to the Court. Pet., Dkt. 1. The
letter was filed as a habeas corpus petition because Matthews states in
the letter that he is being unfairly held at a correctional facility in
Jackson, Michigan. Before filing any petition for federal habeas corpus
relief, a prisoner must first pursue all remedies available under state law.
A petitioner must show that he has "exhausted state remedies" before
being allowed to file for habeas corpus. Matthews has not shown that he

exhausted state remedies for this claim. Accordingly, the petition will be dismissed.

## I. BACKGROUND

Matthews was convicted of receiving and concealing stolen property and released on parole in April of 2015. *Id.*, Page ID 5. On January 22, 2018, Matthews was observed grabbing an unidentified female by her coat collar and yelling at the woman. *Id.*, Page IDs 3-4. As a result, the Michigan Parole Board charged Matthews with violating the conditions of parole by: (1) violating state law by engaging in behavior that was assaultive, abusive, threatening and/or intimidating toward an unknown female; (2) engaging in behavior that was assaultive, abusive, threatening and/or intimidating toward an unknown female; and (3) refusing to submit to an alcohol or drug test as ordered by his field agent. *Id.*, Page ID 2.

At his arraignment on these charges on January 31, 2018, Matthews pleaded guilty to the third charge. The case was then set for a hearing on February 28, 2018. Matthews attempted to withdraw his guilty plea at the hearing, but the administrative law judge denied his request. The administrative hearing continued at that point, and

although Matthews denied being the person who was observed intimidating the unknown female, the judge found him guilty of the second charge. The judge dismissed the first charge as duplicative of the second charge. *Id.*, Page IDs 3 and 5. On April 4, 2018, the Parole Board revoked Matthews' parole for twelve months. The Parole Board will reconsider the case on January 24, 2019. *Id.*, Page ID 2.

Matthews alleges in his habeas petition that he should not have to serve one more year in prison and that he needs the Court's help in being released at an earlier date. *Id.*, Page ID 1. He also contests some of the administrative law judge's factual findings. *Id.*, Page IDs 1, 3-5.

## II. ANALYSIS

Matthews has not specified the legal basis for his claim, but his letter was properly filed as a habeas corpus petition because it challenges the fact or duration of confinement and seeks a speedier release from custody. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The Court may grant the writ of habeas corpus to individuals who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). The Court, however, generally may not grant the writ of habeas corpus under § 2254 unless it appears that the

applicant has exhausted available state-court remedies for his or her claims. *See* 28 U.S.C. § 2254(b)(1), (c).

This exhaustion rule also applies to habeas petitions filed under 28 U.S.C. § 2241. As explained by the United States Court of Appeals for the Sixth Circuit:

> [u]nlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, "decisional law has superimposed such a requirement in order to accommodate principles of federalism." *United States ex rel. Scranton v. New York,* 532 F.2d 292, 294 (2d Cir.1976) (citing *Ex parte Royall,* 117 U.S. 241, 252–53, 6 S.Ct. 734, 29 L.Ed. 868 (1886), and *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963)); *cf. Fisher v. Rose,* 757 F.2d 789, 792 (6th Cir.1985) (noting that alleged speedy-trial violation challenged before trial generally requires exhaustion).

*Phillips v. Court of Common Pleas, Hamilton Cty., Ohio,* 668 F.3d 804, 810 n.4 (6th Cir. 2012); *see also Collins v. Million* 121 F. App'x 628, 630 (6th Cir. 2005) (concluding that, regardless of whether the petitioner filed his habeas petition under § 2254 or § 2241, he was required first to exhaust his state-court remedies); *Reaves v. Hofbauer*, 433 F. Supp.2d 833 (E.D. Mich. 2006) ("A state prisoner who files a habeas corpus petition pursuant to 28 U.S.C. § 2241 must also comply with the exhaustion requirement."). Thus, whether Matthews intended to file his

petition under § 2254 or under § 2241, he carries the burden of proving that he exhausted state remedies for his claims.

The exhaustion requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 847 (1999). So, to properly exhaust state remedies, prisoners must fairly present the factual and legal basis for each of their claims to the state court of appeals and to the state supreme court before raising their claims in a habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).

In Michigan, a state prisoner may challenge the revocation of parole by filing a state complaint for the writ of habeas corpus. *Triplett v. Deputy Warden*, 142 Mich. App. 774, 779 (Mich. Ct. App. 1985) (citing *In re Casella*, 313 Mich. 393; 21 N.W.2d 175 (1946)). "[T]here is no limitation on the time in which a complaint for habeas corpus must be filed, as long as the prisoner will be in custody at the time judgment becomes effective." *Id.* at 779 (citing *In re Rankin,* 330 Mich. 91; 47 N.W.2d 28 (1951)).

"Orders of denial in habeas corpus proceedings are not appealable as of right," but prisoners may renew their claims by filing an original complaint in the Michigan Court of Appeals. *Id.* at 779-80 (citing *Parshay v. Warden of Marquette Prison,* 30 Mich. App. 556, 558; 186 N.W.2d 859 (1971)). Prisoners who are unsuccessful in the Michigan Court of Appeals may apply for leave to appeal in the Michigan Supreme Court. *See* Mich. Ct. R. 7.303(B)(1).

Matthews has failed to show that he exhausted state remedies for his claim that he is being unfairly held in custody for his parole violation. A federal district court ordinarily must dismiss a petition containing any claims that were not exhausted in the state courts. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Therefore, because Matthews has an available state remedy to exhaust and has failed to exhaust that remedy, the Court must dismiss his petition. *Caley v. Hudson*, 759 F. Supp. 378, 381 (E.D. Mich. 1991).

## III. CERTIFICATE OF APPEALABILITY

When a federal district court issues an adverse ruling on a habeas petition, the court "must issue or deny a certificate of appealability." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. This

rule applies to petitions filed under § 2254 as well as to state prisoners who are appealing the resolution of a § 2241 petition that challenged a state administrative agency's decision. *Green v. Tennessee Dep't of Corr.*, 265 F.3d 369, 370, 372 (6th Cir. 2001).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court dismisses a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right. Nor would reasonable jurists find it debatable whether the Court's procedural ruling was correct. Accordingly, Petitioner is denied a certificate of appealability. The Court also declines to grant leave to appeal *in forma*

*pauperis*. Although Matthews was granted *in forma pauperis* status in this Court, *see* Dkt. 4, an appeal could not be taken in good faith. Fed. R. App. P. 24(a)(3)(A).

## IV. CONCLUSION AND ORDER

Based on the foregoing, Matthews' Petition for Writ of Habeas Corpus (Dkt. 1) is summarily **DISMISSED WITHOUT PREJUDICE,** and this case is hereby closed. It is further ordered that a certificate of appealability is **DENIED**, and Petitioner is **DENIED** leave to appeal in this decision *in forma pauperis*.

**SO ORDERED.**

Dated: June 14, 2018          s/Terrence G. Berg
_____
                              TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on June 14, 2018.

s/A. Chubb
_____
Case Manager